[Cite as *State v. Kaltenbach*, 2019-Ohio-687.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 18 AP 0008 |
| DOUGLAS KALTENBACH | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Anders


JUDGMENT:      Dismissed


DATE OF JUDGMENT ENTRY:      February 19, 2019


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MARK J. HOWDYSHELL      JAMES S. SWEENEY
PROSECUTING ATTORNEY      JAMES SWEENEY LAW, LLC
19 East Main Street      97 South Liberty Street
McConnelsville, Ohio  43756      Powell, Ohio  43065

*Wise, P. J.*

{¶1} Defendant-appellant Douglas Kaltenbach appeals his conviction on one count of Having Weapons While Under Disability, following a plea of no contest in the Morgan County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On September 30, 2017, Appellant Kaltenbach was indicted on one count of Having Weapons While Under Disability, in violation of R.C. §2923.13(A)(3), a felony of the third degree.

{¶3} Appellant initially pled not guilty and discovery proceeded in this matter.

{¶4} On May 7, 2018, Appellant came before the court for a change of plea wherein Appellant agreed to enter a plea of guilty as charged in the indictment and the state of Ohio recommended community control supervision for a period of five (5) years. The state further agreed to return the money seized as unrelated to the offense charged. The state did state that it would seek forfeiture of the firearms, which the defendant opposed.  The trial court accepted Appellant's plea of no contest and set a sentencing hearing for July 2, 2018.

{¶5} At the sentencing hearing on July 2, 2018, and memorialized in a Judgment Entry filed July 10, 2018, the trial court sentenced Appellant to five (5) years community control supervision. The court further ordered Appellant to pay court costs but did not impose a fine in this matter. The court also ordered forfeiture of the firearms and ammunition seized under the search warrant, but ordered the return of all other seized property.

**{¶6}**   On November 15, 2018, counsel for Appellant filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) asserting one potential assignment of error as to the forfeiture of the firearms, claiming that same were owned by Appellant's son.

*Law and Analysis*

**{¶7}**   In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw.  386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.  *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses.  *Id.*   Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  *Id.*

**{¶8}**   By Judgment Entry filed November 26, 2018, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Appellant with the brief.  Accordingly, this Court notified Appellant via Certified U.S. Mail that he "may file a pro se brief in support of the appeal on or before December 31, 2018."

**{¶9}**   On December 27, 2018, Appellant filed a *pro se*, two-page, handwritten document titled "Brief".

**{¶10}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

*App.R. 16*

**{¶11}** The document Appellant filed on December 27, 2018, we have construed as his pro se brief in support of his appeal. This document fails in almost every respect to comply with the requirements governing the content of the brief of the Appellant. App.R.16 (A)(1)-(7). Briefs filed in this Court, whether by counsel or pro se, must comply with App.R. 16.

**{¶12}** Most importantly, Appellant has failed, *inter alia*, to set forth any assignments of error or propositions of law or cite to the record in this matter. App.R. 16(A)(3) requires that a brief contain assignments of error presented for review on appeal and that they be included in a separate statement.

*Law and Analysis*

**{¶13}** Pursuant to Loc.App.R. 16(C) and *Anders*, this Court has conducted an independent examination of the record to determine if there are any issues of arguable merit. *Anders* instructs that if the appellate court determines that the appeal would be "wholly frivolous" (i.e., there are no legal points of arguable merit), the court may grant counsel's request to withdraw and dismiss the appeal. If, however, the court finds any legal points arguable on their merits, the court must afford appellant the assistance of counsel before deciding the merits of the case. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶14}** Upon a complete review of the record, this Court agrees that no prejudicial error occurred in the lower court, and any appeal on Appellant's behalf would be frivolous.

{¶15} Accordingly, the motion of appointed counsel to withdraw is granted, and the appeal of the judgment of the Court of Common Pleas of Morgan County, Ohio, is dismissed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 0211